IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHELLY R. SHOEMAKER,<br><br>   Plaintiff,<br><br> -vs-<br><br>JO ANN B. BARNHART, Commissioner of Social Security,<br><br>   Defendant. | )<br>)<br>)<br>)<br>)<br>) Civil Action No.  04-1891<br>)<br>)<br>)<br>)<br>) |

AMBROSE, Chief District Judge.

# OPINION
# and
# ORDER OF COURT

## SYNOPSIS

Pending before the Court are Cross-Motions for Summary Judgment. (Docket Nos. 7 and 9). Both parties have filed Briefs in Support of their Motions. (Docket Nos. 8 and 10). After careful consideration of the submissions of the parties, and for the reasons discussed below, Defendant's Motion (Docket No. 9) is granted and Plaintiff's Motion (Docket No. 7) is denied.

## I. BACKGROUND

Plaintiff brings this action under 42 U.S.C. § 405(g), for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-433.

On March 28, 2003, Plaintiff filed the instant application alleging disability since September 14, 2002 due to rheumatoid arthritis, and joint, neck, foot, wrist and hand pain. (R. 73). On August 4, 2003, the state agency denied Plaintiff's application. (R. 31). Plaintiff requested a hearing. (R. 25). Administrative Law Judge Melvin D. Benitz ("ALJ") held a hearing on February 17, 2004, at which time Plaintiff, who was represented by counsel, and a vocational expert testified. (R. 16, 368-413). On April 7, 2004, the ALJ found that Plaintiff is not disabled under the Act. (R. 13-24). The Appeals Council subsequently denied Plaintiff's request for review of the ALJ's decision. (R. 5-7). After thus exhausting her administrative remedies, Plaintiff filed this action.

The parties have filed Cross-Motions for Summary Judgment. Plaintiff raises four issues on appeal:

> 1. Whether the ALJ failed to properly consider all of the evidence, including the supposed limited nature of Plaintiff's daily activities, Plaintiff's allegations of pain, her medications and their accompanying side effects, and her weight change. Pl.'s Br. at 5-8.
>
> 2. Whether the ALJ improperly applied a "sit and squirm" test to Plaintiff. *Id.* at 9.
>
> 3. Whether the ALJ improperly rejected the medical opinion of a consultative medical examiner, Durre Ahmed, M.D., regarding Plaintiff's ability to work. *Id.* at 10.
>
> 4. Whether the ALJ failed to properly consider Plaintiff's alleged need to take unscheduled breaks throughout the work day, which, if true, would prevent Plaintiff from working. *Id.* at 11-12.

I will address each of these issues in turn.

## II. LEGAL ANALYSIS

### A. STANDARD OF REVIEW

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen*, 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g); *Dobrowolsky v. Califano*, 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel*, 995 F. Supp. 549, 552 (E.D. Pa. 1998). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See* 5 U.S.C. § 706.

To be eligible for social security benefits, the plaintiff must demonstrate that she cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A); *Brewster v. Heckler*, 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. § 404.1520(a). The

ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R. pt. 404, subpt. P, app. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent her from performing her past relevant work; and (5) if the claimant is incapable of performing her past relevant work, whether she can perform any other work which exists in the national economy, in light of her age, education, work experience and residual functional capacity. 20 C.F.R. § 404.1520(a). The claimant carries the initial burden of demonstrating by medical evidence that she is unable to return to her previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record, may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris*, 745 F.2d 210, 221 (3d Cir. 1984).

**B. WHETHER THE ALJ FAILED TO PROPERLY CONSIDER ALL OF THE EVIDENCE, INCLUDING LIMITATIONS ON PLAINTIFF'S DAILY ACTIVITIES, HER ALLEGATIONS OF PAIN AND USE OF A TENS UNIT, HER MEDICATIONS AND THEIR ACCOMPANYING SIDE EFFECTS, AND HER WEIGHT CHANGE.**

Plaintiff contends that the ALJ failed to properly consider all of the evidence, including limitations on Plaintiff's daily activities, her allegations of pain and use of a TENS unit, possible future surgeries, her medications and their accompanying side effects, and her weight change. Pl.'s Br. at 5-8. After a thorough review of the

4

record and for the reasons set forth below, I disagree.

First, Plaintiff argues that the ALJ improperly based his decision upon Plaintiff's ability to perform certain activities of daily living and failed to properly consider her limitations with respect to those and other activities. Pl.'s Br. at 5. The ALJ noted in his decision that Plaintiff could care for her personal needs independently, drive, attend ball games, and do some cooking, shopping and laundry. (R. 19). The ALJ, however, did not base his decision solely upon the fact that Plaintiff can perform such activities. Instead, the ALJ only considered the activities after weighing the objective medical evidence of record, in light of Plaintiff's claims of total debilitation. (R. 17-23). In so doing, the ALJ appropriately noted that Plaintiff's claims of limitations on her activities were not credibly supported by the medical evidence of record. (R. 17-23). Given the ALJ's limited reliance on the activities in his decision and his evaluation of Plaintiff's claimed limitations on those activities in light of the medical evidence, I find no error on this issue.

Second, Plaintiff contends that the ALJ failed to properly consider her allegations of pain because he stated that Plaintiff had not been prescribed a TENS unit (*see* R. 20), despite the fact that she actually was using one (*see* R. 309). Pl.'s Br. at 6.  This argument does not warrant reversal.  Even assuming that Plaintiff was using the TENS unit pursuant to a doctor's prescription, and that the ALJ therefore erred in not considering its use, such an error is not a basis for remanding the case because proper consideration of the use of the TENS unit would not have changed the ALJ's ultimate determination that Plaintiff was not disabled under the Act.

5

It is well-established that courts should affirm the Commissioner's decision, even where there is error, if there is "no question that he would have reached the same result notwithstanding" the error or omission. *Mickles v. Shalala*, 29 F.3d 918, 921 (4th Cir. 1994); *Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1989) ("No principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result."). Here, as described more fully elsewhere in this opinion, substantial medical evidence, including the reports of Plaintiff's treating physicians, her own self-reported daily activities, and her testimony, would not support a finding of disability, regardless of the use of the TENS unit.

Third, Plaintiff argues that the ALJ erred in not considering possible surgeries Plaintiff might have to undergo in the future. This argument is without merit. No medical evidence supports Plaintiff's subjective prediction based upon her past history that further surgeries may be necessary. Dr. Dawn Santorra noted on March 17, 2004 that despite Plaintiff's complaints of pain, no diagnostic study showed any "distinct abnormality," and Dr. Santorra recommended aquatic therapy and further medication, not surgery. (R. 342). During an examination on December 12, 2003, Dr. Villarreal could not confirm the etiology of Plaintiff's back pain, and he refused to increase Plaintiff's opioid dosage in light of his inability to determine the pain's source; he did not mention the possibility of surgery. (R. 337). Because the possibility of future surgeries is based on Plaintiff's speculation and not on any objective medical evidence contained in the record, the ALJ did not err by failing

6

to account for the possibility of future surgeries in his determination of Plaintiff's disability claim.

Fourth, Plaintiff contends that the ALJ did not properly consider the side effects of her medications. Pl.'s Br. at 6-8. Plaintiff, as of May 14, 2003, complained of the side effects of drowsiness, headaches, constipation, nausea, dizziness, vision, and swallowing problems. (R. 100). The ALJ, at the hearing held February 17, 2004, properly considered Plaintiff's possible vision problems when he asked her if she experienced vision problems and she denied experiencing any problems other than being nearsighted and having occasional iritis in her right eye due to arthritis. (R. 407). The ALJ went on to specifically mention Plaintiff's headaches and drowsiness in his hypothetical question posed to the vocational expert and considered drowsiness as a side effect of Plaintiff's discontinued methadone treatment. (R. 406-07, 337, 310). Additionally, the ALJ noted that Dr. Villarreal had discontinued the use of methadone as of December 12, 2003, because it made Plaintiff drowsy and that Dr. LoDico reported that during his exam on January 9, 2004, Plaintiff had been "alert and oriented." (R. 337, 310). Given the ALJ's inclusion of these side effects in a hypothetical question posed to the vocational expert and the ALJ's evaluation of the record which indicated that drowsiness was a side effect of the methadone treatment, the ALJ properly considered both headaches and drowsiness.

I agree with Plaintiff that the ALJ makes no mention of Plaintiff's other complaints of nausea, constipation, dizziness, and swallowing problems. Plaintiff, however, complained that her nausea was extremely acute during the use of a

Duragesic Patch, and that patch was discontinued some time prior to September 15, 2003. (R. 107, 262). After the patch was discontinued, the record indicates that Plaintiff did not again complain of nausea. Additionally, during a consultative examination conducted by Dr. Durre Ahmed on or about June 17, 2003, Plaintiff denied outright experiencing nausea. (R. 262, 223). Because the record is inconclusive regarding nausea as a side effect, the ALJ's failure to consider nausea is not erroneous. Plaintiff also alleged dizziness, constipation and swallowing problems, but during a July 28, 2004 examination by Dr. Andrew Cash, Plaintiff specifically denied experiencing constipation and generally denied any and all side effects from her medications. Pl.'s Br. at 6-8; (R. 325-26). In light of the inconsistencies surrounding these supposed side effects, I find that the ALJ's failure to include them in his deliberations was not erroneous and is not a basis for remand.

Finally, Plaintiff contends that the ALJ failed to properly consider supposedly frequent changes in Plaintiff's medications and her weight gain in his disability determination. Pl.'s Br. at 6-7. As evidence of her frequent medication changes, Plaintiff notes that she has been on and off methadone treatment, and that at one time she was prescribed a Duragesic Patch. Pl.'s Br. at 6-7. Plaintiff also contends that from 1997 to 2002, her body weight increased sixteen pounds, and she testified at her hearing in 2004 that she had gained ten additional pounds by that time. Pl.'s Br. at 7; (R. 401). I agree with Plaintiff that the ALJ did not mention either Plaintiff's medication changes or her weight gain in his disability determination. (R. 16-24). However, remand on this basis would be inappropriate because the inclusion of

these factors would not have changed the ALJ's ultimate finding that Plaintiff was not disabled under the Act. As previously noted, courts should affirm the Commissioner's decision, even where there is error, if there is "no question that he would have reached the same result notwithstanding" the error or omission. *Mickles*, 29 F.3d at 921; *Fisher*, 869 F.2d at 1057 ("No principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result.").

### C. WHETHER THE ALJ IMPROPERLY APPLIED A "SIT AND SQUIRM" TEST TO PLAINTIFF.

Plaintiff argues that the ALJ erred by improperly applying a "sit and squirm" test to her and that her subsequent supposed failure of that test is not substantial evidence which may support the ALJ's denial of her claim. Pl.'s Br. at 2, 9. Plaintiff bases her argument on a sentence from the ALJ's decision: "the claimant's attention and concentration [at the hearing] were not so adversely affected by her alleged pain/symptomatology that she was unable to follow the proceedings or respond to questions in a coherent manner." (R. 20). This argument is without merit.

In *Van Horn v. Schweiker*, the ALJ improperly applied a "sit and squirm" test and his decision was subsequently set aside on appeal. *See Van Horn v. Schweiker*, 717 F.2d 871, 874 (3d Cir. 1983). According to the Court of Appeals, the ALJ in *Van Horn* ignored the record evidence, all or most of which decidedly indicated the claimant was disabled; the ALJ instead improperly based his decision solely upon his own observations at the hearing (*i.e.*, "the roundly condemned 'sit and squirm' method of deciding disability cases"). *Id.* at 873-74.

9

*Van Horn*, however, does not necessitate reversal of the ALJ's decision in this case.  Here, unlike in *Van Horn*, the ALJ based his decision upon more than mere observation. The ALJ considered Plaintiff's demeanor, but only in conjunction with all of the evidence in the record, including the objective medical evidence, Plaintiff's subjective complaints of pain, and Plaintiff's daily activities. (R. 17-20). The ALJ properly used his own observations to reinforce his decision drawn from the available evidence.  *See Castillo-Borrero v. Barnhart*, No. Civ. A. 02-588, 2004 WL 2203744, at *5 (E.D. Pa. Sept. 27, 2004). Therefore, I conclude that the ALJ appropriately based his decision on the objective medical evidence and the record as a whole and did not improperly apply a "sit and squirm" test to Plaintiff.

### D. <u>WHETHER THE ALJ IMPROPERLY REJECTED DR. DURRE AHMED'S MEDICAL OPINION.</u>

Plaintiff argues that the ALJ improperly disregarded the opinion of the consultative examiner, Dr. Durre Ahmed, that Plaintiff is unable to perform even sedentary activity. Pl.'s Br. at 10.  After considering the record and for the reasons set forth below, this argument is without merit.

Dr. Ahmed examined Plaintiff on or about June 17, 2003.  (R. 222).  He opined that Plaintiff could not perform even sedentary work.  (R. 227-28).  The ALJ properly rejected Dr. Ahmed's conclusion.  An ALJ may reject a treating physician's opinion, and thus obviously a consultative examiner's opinion as well, where the opinion is: (1) not well-supported by medically acceptable clinical and laboratory diagnostic techniques, or (2) inconsistent with other substantial evidence of record.  20 C.F.R. § 404.1527(d)(2).  Here, the ALJ's decision to disregard Dr. Ahmed's opinion is

supported by substantial evidence of record.

Dr. Ahmed determined Plaintiff had normal range of motion in cervical, shoulder, elbow, hip, knee, ankle and spine. (R. 224). Moreover, he concluded Plaintiff had "good" strength and tone, no atrophy, a stable gait, normal reflexes, and could raise from a chair, get herself on and off of the examination table, and walk on her heels and toes, all without problem. (R. 224). Dr. Ahmed's *Medical Source Statement of Claimant's Ability to Perform Work-Related Physical Activities* offered that Plaintiff could not stand cumulatively longer than one hour in a day or sit longer than one half hour. (R. 227-28). Overall, Dr. Ahmed determined Plaintiff could not perform even sedentary work. (R. 227-28). This finding, however, is inconsistent with both the other substantial objective medical evidence of record and with Plaintiff's self-reported daily activities and appears to be based on Plaintiff's subjective complaints of back, leg, and hand pain.

The findings of a *treating* physician are entitled to more deference than the findings of a consultative examiner. *Adorno v. Shalala*, 40 F.3d 43, 47 (3d Cir. 1994). Substantial evidence exists in the record indicating that Plaintiff's conditions did not prevent her from sedentary work. On April 1, 2003, treating physician Dr. Villarreal noted that Plaintiff's symptoms seemed to be "under control" and her physical exam was "unremarkable." (R. 158). On October 16, 2003, an MRI of Plaintiff's lumbar spine was "normal" with no evidence of disc herniation or nerve root compression. (R. 277). Dr. Villareal again examined Plaintiff on or about December 12, 2003, noting that her right hand symptoms could be controlled with medication but neither he,

11

nor any other doctor, could determine the etiology of her back pain. (R. 337). Still, Dr. Villareal refused to increase her opioid dosage. (R. 337). Dr. Mark LoDico, examining Plaintiff on January 9, 2004, noted that she had no tenderness in her cervical spine, good range of motion throughout, no atrophy, 5/5 strength on her left and 4/5 on her right, 5/5 left grip strength and 3/5 right grip strength, and no tenderness in her thoracolumbar spine or throughout her entire lower extremity. (R. 311). On March 3, 2004, Dr. Donna Hosmer noted that Plaintiff's back was not tender and also that Plaintiff did not "exhibit the normal quality of rheumatoid arthritis." (R. 348). Dr. LoDico, again examining Plaintiff on March 12, 2004, opined that Plaintiff was in "no overt physical discomfort," despite the fact that Plaintiff's chief complaint was of "near total body pain" and that Plaintiff had noted in her daily activities questionnaire that her pain occurred "pretty much all day, every day." (R. 355, 99). Thus, there is substantial medical evidence in the record indicating that Plaintiff's condition did not prohibit her from doing even sedentary work.

Dr. Ahmed's determination that Plaintiff could not perform even sedentary work due to her pain is also inconsistent with Plaintiff's self-reported daily activities. Plaintiff reported that she performed a multitude of tasks, including preparing some food, driving, doing laundry and some housecleaning, going shopping and carrying grocery bags, and also attending her son's ball games. (R. 92-102). Plaintiff even noted that she may climb a flight of steps twelve times a day. (R. 94).

Based upon the record, the ALJ properly concluded that Dr. Ahmed's assessment of Plaintiff was not supported by either the objective medical findings

or Plaintiff's daily activities and was instead based solely upon Plaintiff's subjective complaints. Thus, the ALJ had more than adequate grounds for rejecting Dr. Ahmed's assessment. *See*, *e.g.*, *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996) (ALJ properly rejected physician's opinion based on claimant's subjective reports of pain where record contained persuasive contradictory evidence, including the physician's own notes); *Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989) (ALJ may legitimately disregard physician's opinion premised on a claimant's own subjective complaints where those complaints have been properly discounted); *Morris v. Barnhart*, 78 F. App'x 820, 824 (3d Cir. 2003) (unpublished) (same).

For all of these reasons, I find that there is substantial evidence in the record supporting the ALJ's decision to reject Dr. Ahmed's finding that Plaintiff was limited to less than sedentary work. The ALJ's decision is affirmed in this regard.

### E. <ins>WHETHER THE ALJ FAILED TO PROPERLY CONSIDER PLAINTIFF'S ALLEGED NEED FOR UNSCHEDULED BREAKS DURING A WORK DAY.</ins>

Plaintiff contends that the ALJ failed to properly consider all of Plaintiff's limitations in determining Plaintiff could perform substantial gainful activity. Pl.'s Br. at 11 and 12.  Plaintiff specifically argues that the medical evidence, in its entirety, and accounting for, among other symptoms, pain, fatigue and headaches, shows that Plaintiff would need substantial unscheduled breaks throughout the workday.  Pl.'s Br. at 11.  The vocational expert testified at the hearing, however, that workers employed in the suggested available jobs would not be allowed to take unscheduled breaks. (R. 410). Plaintiff's argument is without merit.

An ALJ must consider all of the evidence in the record. *See Reefer v. Barnhart*, 326 F.3d 376, 381-82 (3d Cir. 2003); *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999); *Stewart v. Sec'y of H.E.W.*, 714 F.2d 287, 290 (3d Cir. 1983). Plaintiff here claims that a need for unscheduled work breaks may be inferred from the totality of Plaintiff's symptoms and that this supposed need should be considered dispositive of disability. Pl.'s Br. at 2, 10-12. An ALJ, however, may not make speculative inferences from medical reports. *See, e.g., Morales v. Apfel*, 225 F.3d 310, 317-18 (3d Cir. 2000); *Smith v. Califano*, 637 F.2d 968, 972 (3d Cir. 1981). Plaintiff cites no objective evidence of record, such as language in medical reports, supporting her claim that she would need breaks. I therefore find that the ALJ properly considered all of Plaintiff's limitations.

### III. **CONCLUSION**

In sum, based on the evidence of record, the arguments of counsel, and the briefs filed in support of and in opposition thereto, I conclude that the ALJ properly analyzed Plaintiff's claim and that substantial evidence supports the ALJ's finding that Plaintiff is not disabled within the meaning of the Social Security Act. Accordingly, the ALJ's decision denying Plaintiff's application for disability insurance benefits will be affirmed.

* * * * * * * * * * * * * * * * * * * * * * * * * * *

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHELLY R. SHOEMAKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No. 04-1891 |
| | ) |
| JO ANN B. BARNHART, Commissioner of Social Security, | ) |
| | ) |
| | ) |
| Defendant. | ) |

AMBROSE, Chief District Judge.

## **ORDER OF COURT**

AND NOW, this **12th** day of August, 2005, after careful consideration, and for the reasons set forth in the Opinion accompanying this Order, it is ORDERED that Defendant's Motion for Summary Judgment (Docket No. 9) is GRANTED.  Plaintiff's Motion for Summary Judgment (Docket No. 7) is DENIED.  Judgment is entered in favor of Defendant and against Plaintiff.

BY THE COURT:


s/ Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge